FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID A. DYE,

    Plaintiff,

v.

RICOH ELECTRONICS, INC.,

    Defendant.

CIVIL ACTION NO. 1:06-CV-282 GET

## CONSENT PROTECTIVE ORDER

This case may involve the review of confidential, proprietary and/or sensitive business information of Defendant Ricoh Electronics, Inc. ("Defendant"), as well as confidential documents and information related to Plaintiff David A. Dye ("Plaintiff") and/or current and/or former employees, who are not parties to this action. Plaintiff and Defendant are willing to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit the use of this information solely to this action and in accordance with the terms and conditions of this Consent Protective Order. Therefore, to preclude


FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID A. DYE,

    Plaintiff,

v.

RICOH ELECTRONICS, INC.,

    Defendant.

CIVIL ACTION NO. 1:06-CV-282 GET

## CONSENT PROTECTIVE ORDER

This case may involve the review of confidential, proprietary and/or sensitive business information of Defendant Ricoh Electronics, Inc. ("Defendant"), as well as confidential documents and information related to Plaintiff David A. Dye ("Plaintiff") and/or current and/or former employees, who are not parties to this action. Plaintiff and Defendant are willing to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit the use of this information solely to this action and in accordance with the terms and conditions of this Consent Protective Order. Therefore, to preclude

further discovery disputes and to protect against the unauthorized dissemination and use of such information disclosed through discovery in this action, the parties, through counsel, hereby voluntarily agree and stipulate to the entry of this Consent Protective Order.

Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that the parties to this action consent to the Protective Order, **IT IS HEREBY ORDERED THAT:**

(1) As reflected in the Minute Entry issued by the Court on August 4, 2006, the exhibits to *Plaintiff's Response To Defendant's Motion For A Protective Order* filed by Plaintiff on August 1, 2006, contained confidential information of Defendant. Accordingly, *Plaintiff's Response To Defendant's Motion For A Protective Order* and accompanying exhibits shall be immediately sealed by the Clerk of the Court, and will be made available only for use of the parties and the Court in the case of *David A. Dye v. Ricoh Electronics, Inc.*, Civil Action No. 1:06-CV-282 GET.

(2) The parties further agree Plaintiff is in possession of documents that are treated and maintained by Defendant as confidential, proprietary information and trade secrets, as set forth in agreements executed by Plaintiff (including the Employees Patent and Confidential Information Agreement executed by

Plaintiff on August 27, 2005). Going forward, such documents Plaintiff shall not directly provide such documents to his counsel but, instead, such documents shall be sought by Plaintiff from Defendant through the usual means of discovery as provided for by the Federal Rules of Civil Procedure. Notwithstanding, for all documents previously provided by Plaintiff to his counsel containing confidential, proprietary information, and trade secrets of Defendant, the parties hereby designate the documents as "Confidential" and agree that they will not be filed in the public record without the filing party previously having sought the Court's approval and/or filing said documents under seal.

(3) For all other documents not addressed above, for the purpose of this Order, "Confidential Information" shall mean: Any document produced, any oral or written statement made, and/or any oral or written answer given during the course of discovery that contains, discloses, or reveals: (a) confidential and proprietary business information that belongs to one or more of the Parties and that is not generally known by or easily ascertainable to competitors or the general public; (b) financial information belonging or relating to one or more of the Parties that is not generally known by or easily ascertainable to competitors or the general public, provided that the Party to whom/which the

information belongs or relates has a legitimate interest in maintaining the confidentiality and/or privacy of said information; (c) personal information that is of a sensitive and private nature relating to any of the Parties and/or to any of the Parties' respective employees; (d) information and materials that were provided to any of the Parties by any client, customer, vendor, or any other non-party that is of a private, confidential, and/or sensitive nature, or that the disclosing Party otherwise has a duty to maintain in confidence; and (e) any other type of information that is maintained by the disclosing Party on a confidential basis, provided that the disclosing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

(4) Except with the prior written consent of the party designating a document to be a "Confidential" document as defined in Paragraph 3, no confidential document may be disclosed to any person or filed with the Court without obtaining the Court's approval and/or filing said documents under seal.

(5) Any documents containing "Confidential" information (as defined above) that are filed with the Court shall be clearly marked "Confidential" and specifically designated as subject to the terms of this Order, sealed, placed in separate, secure storage by the clerk, and opened only by authorized court personnel. Documents filed under seal shall not be disseminated to the

general public in any manner, including by use in any briefs, motions, or otherwise that may be open to the general public's inspection.

**IT IS SO ORDERED.**

_____
Honorable G. Ernest Tidwell
Senior Judge, United States District Court
Entered this ___ day of _____, 2006.

**Agreed to by:**

| | |
|---|---|
| s//_____<br>Dudley C. Rochelle<br>Charlotte K. McClusky<br>Georgia Bar No.: 484223<br>ckmcclusky@littler.com<br>Littler Mendelson, P.C.<br>3348 Peachtree Rd.<br>Suite 1100<br>Atlanta, GA 30326<br>(404) 233-0330<br>Attorneys for Defendant | s//_____<br>Stephen M. Katz<br>Law Offices of Stephen M. Katz<br>284 Village Parkway<br>Marietta, Georgia 30067-4062<br>(404)848-9658<br>Attorneys for Plaintiff |

Firmwide:81366929.1 035318.1010